**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELEA CLARK VAN DAM ,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-11186<br><br>**Judge Manish S. Shah** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff ANGELEA CLARK VAN DAM ("Van Dam") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Van Dam's Motion as follows.

This Court finds  has provided notice to Defendants in accordance with Federal Rule of Civil Procedure 65(a)(1).

This Court finds, on a preliminary basis, that Defendants have sold products using infringing and versions of Van Dam's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-429-535 (the "Angelea Van Dam Work").

This Court also finds that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion  establishes that Van

Dam has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Van Dam will suffer irreparable harm if the injunction is not granted.

Specifically, Van Dam has proved a *prima facie* case of copyright infringement because (1) the Angelea Van Dam Work is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Angelea Van Dam Work, and (3) Defendants' use of the Angelea Van Dam Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Van Dam. Furthermore, Defendants' continued and unauthorized use of the Angelea Van Dam Work irreparably harms Van Dam through diminished goodwill and brand confidence, damage to Van Dam's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Van Dam has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Angelea Van Dam Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Angelea Van Dam product or not authorized by Van Dam to be sold in connection with the Angelea Van Dam Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Angela Van Dam product or any other product produced by Van Dam, that is not Van

Dam's or not produced under the authorization, control, or supervision of Van Dam and approved by Van Dam for sale under the Angela Van Dam Work;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Van Dam, or are sponsored by, approved by, or otherwise connected with Van Dam; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Van Dam, nor authorized by Van Dam to be sold or offered for sale, and which bear the Angelea Van Dam Work, or any reproductions, infringing copies, or colorable imitations.

2. Upon Van Dam's request, those with notice of this Order, including any marketplace platforms such as Amazon Payments, Inc. ("Amazon") and PayPal, Inc. ("PayPal") (the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Angelea Van Dam Work.

3. Any Third Party Providers, including Amazon and PayPal, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Angelea Van Dam, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money traceable to the proceeds of sales of products using the Angelea Van Dam Work until further order by this Court.

4. Van Dam may provide notice of the proceedings in this case to Defendants, and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and/or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Angelea Clark Van Dam and any e-mail addresses provided for Defendants by third parties.

5. Plaintiff's Exhibit 2 to the Declaration of Angelea Clark Van Dam [16] is unsealed.

6. Within seven (7) calendar days of entry of this Order, Van Dam shall deposit with the Court thirty-eight thousand dollars ($38,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

SO ORDERED:

Manish S. Shah
United States District Judge

Dated: October 1, 2026

**Schedule A**

| No. | Defendants |
|---|---|
| 1 | ONLYWOOD |
| 2 | LUDAODAO |
| 3 | wuyuestore |
| 4 | Gogio |
| 5 | SOLYHUX |
| 6 | MUMUXIAO |
| 7 | Kexijinbei |
| 8 | trendynewlook.com |
| 9 | ootdstyle.com |
| 10 | dressupx.com |
| 11 | up83.com |
| 12 | ootdress.com |
| 13 | migunica.com |
| 14 | modgodd.com |
| 15 | bohemianplus.com |
| 16 | mooncaci.com |
| 17 | 17wholesale.com |
| 18 | kimstowe.com |
| 19 | mifulan.com |
| 20 | newevers.com |
| 21 | wearshes.com |
| 22 | baeswimsuit.com |
| 23 | homewode.com |
| 24 | jrsee.com |
| 25 | raixy.com |
| 26 | wonerso.com |
| 27 | pilicat.com |
| 28 | tomilow.com |
| 29 | chunro.com |
| 30 | simplystylishs.com |
| 31 | chiccharmy.com |
| 32 | voeza.com |
| 33 | kosakai.net |
| 34 | cloudsjewelry.com |
| 35 | chicif.com |
| 36 | lanopal.com |
| 37 | fashionmartclub.com |
| 38 | amazitshop.com |